Tavarius Smith 01768-104
Name and Prisoner/Booking Number

USP Atwater
Place of Confinement

P.O. Box 019001
Mailing Address

Atwater, CA 95301
City, State, Zip Code

**FILED**

DEC 07 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Tavarius Smith
(Full Name of Plaintiff), Plaintiff,

v.

(1) Kendryna
(Full Name of Defendant)

(2) _____

(3) _____

(4) _____
                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them

CASE NO. _____
(To be supplied by the Clerk)

2:20 CV 2417 - KJN PC

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☒ Other: 18 USC 241 & 242

2. Institution/city where violation occurred: FCI Herlong

Revised 3/15/2016

1

## B. DEFENDANTS

1. Name of first Defendant: **Kendryna**. The first Defendant is employed as: **Officer C.O.** (Position and Title) at **FCI Herlong** (Institution).

2. Name of second Defendant: _____. The second Defendant is employed as: _____ at _____.
   (Position and Title)    (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.
   (Position and Title)    (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title)    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☒ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:     **N/A**
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Cruel and Unusual Punishment 8th Amendment</u>.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☑ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 4-15-2019 at approximatly 6:45am I was being transported to the special housing unit recreation when officer Kendryna stop me halfway down the stairs he switched from holding me with his right hand to his left hand stopping me in my tracks. In doing so officer Kendryna caressed the back of my head in a sexual manner also tugging at my hair whispering "I love your soft skin and the texture of your hair" making me exceedingly uncomfortable and making me fear I would be furtherly sexually assulted and harassed. I would like to call the camera as a witness on the above in order to verify this incident. Officer Kendryna has made several advances upon me in the past against my will and I dissmissed his action as an accident but officer Kendryna did not stop. Instead officer Kendryna advances became more frequent and bolder. Officer Kendryna caressed the back of my head in a sexual manner tugging at my hair whispering "I love your soft skin and texture of hair. While I was in handcuff and unable to defend myself I suffer from depression and anxiety and this incident has left me phychologically disturbed and fear of being in handcuff and alone with staff. The thought of the government promoting male and female transexual gender in the bureau work place as employed and inmate transexual population in federal male prison, I am not confident nor trustful of my safety and security (Cont. Attach)"

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plaintiff is phychologically, emotionally and mentally truamatized and fears male officer contact physically.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?    ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?    ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

Pg.3   D. Cause of Action Claim I.

Securety or Protection from staff who may secretly or privately harbor homosexual tendencies and attraction toward me without personal restraint. Therefore, Plaintiff lack trust or confident in the BOP males employee working as a C.O. to maintain my safety and secure while in handcuff or any secluded area of the prison during random or disciplinary shakedown procedures. Plaintiff believe defendant was attemping to focus his perverted and sexual deviant behavior on plaintiff because he was helpless restrained and unable to defend him self and was required to submit and obey officer orders. Dispite the sexual nature of his act. Therefore defendant was clearly abusing his authority and power while acting outside of the scope of employment and statutory and Constitutional duty.[1]

---

Footnote:
1. Psychology Services
   Diagnostic and Care Level Formulation
   10-2-2020 Provider Vasquez, M. PhD
2. Administrative Remedy by Regional Director J. Baltazar
   notification of investigation process   5

# Exhibit "A"

Psychology Services
Diagnostic and Care level Formulation
10-2-2020  Provider Vasquez, M. PHD

**Bureau of Prisons**                                                                 **\*\*SENSITIVE BUT UNCLASSIFIED\*\***
**Psychology Services**
**Diagnostic and Care Level Formulation**

| Inmate Name: | SMITH, TAVARIUS | | | | Reg #: | 01768-104 |
|---|---|---|---|---|---|---|
| Date of Birth: | 09/01/1990 | Sex: | M | Facility: ATW | Unit Team: | 4A |
| Date: | 10/02/2020 12:39 | Provider: | Vasquez, M. PhD | | | |

### Relevant Historical Information

A review of his PSR indicated Mr. Smith self-reported a history of depression while previously incarcerated. Per his PSR, he noted that the institution's medical provider advised him to seek out a "family doctor," though Mr. Smith reported he did not follow up nor did he participate in any type of mental health treatment. At the time of his presentence interview, Mr. Smith's mother corroborated his history of depression.

A review of BEMR records revealed Mr. Smith previously met with Psychology Services in 2014 and 2016 for clinical contacts to discuss his anxiety and sleep issues. Since then, he has not required more than routine contacts with Psychology Services. He has maintained a CARE1-MH level of care since entering BOP custody.

However, please note, a review of BEMR records indicated Mr. Smith reported an alleged PREA incident against a staff member at his previous institution, which has been documented by prior institution's Psychology Services and Health Services. During the clinical contact that occurred on today's date (10/2/2020), he discussed this incident with this clinician. Please see Sexual Abuse Intervention (V), dated 4/23/2019, and Clinical Encounter, dated 4/23/2019, for additional information. During the current clinical interview, his report of the alleged sexual harassment was consistent with his previously reported statements.

A review of his BEMR records revealed there was no Risk of Sexual Victimization (RSV) documentation created following this reported incident. His risk of sexual victimization was assessed on today's date, and an RSV documentation has been submitted. Please see Risk of Sexual Victimization documentation, dated 10/2/2020.

### Presenting Problem/Symptom

This DCLF is being created, after Mr. Smith's recent clinical contact with Psychology Services, in which he endorsed experiencing an increase in anxiety and trauma-related symptoms.

The following information was taken directly from the Clinical Intervention-Clinical Contact documentation, dated 10/2/2020:

"At the start of the session, Mr. Smith explained he has a history of anxiety and depression. He also described his experience with alleged sexual harassment by a custody staff member at his previous institution. He explained he is still experiencing anxiety and trauma-related symptoms due to the alleged sexual harassment, such as hypervigilance, feeling "on edge," irritable, and avoidance/efforts to avoid distressing reminders of trauma (e.g., "sound of keys," "avoiding officers"). Regarding the reported sexual harassment, he stated, "It made me feel vulnerable. I felt like less of a man." He explained he has recently talked to the Warden about his PREA case to check-in regarding the status and has filed an administrative remedy.

Mr. Smith also explained he has recently suffered the death of loved ones (i.e., wife died due to gun violence and uncle died from COVID-19 complications), which coupled with his anxiety related to his PREA case, he stated has increased his "anxiety." He reported, "I deal with anxiety all the time." He described having to "coach" himself, as he reported he tends to "overthink other people's thoughts" and feel like they may be talking/thinking about him.

Mr. Smith also disclosed he "almost died" during a previous motor vehicle accident. He explained he experiences sleep disturbances, as he re-lives the experience of "fading out, passing out" each night, which happened at the time of the accident (year unknown). He described "fighting [his] sleep" and having nightmares nightly. He indicated he wakes up in the middle of the night due to his nightmares, which has impacted his relationship with previous cellmates, as he "doesn't let them sleep." He stated his current cellmate is helpful and talks to him about his anxiety and sleep issues."

### Diagnostic Formulation

Mr. Smith reported experiencing some anxiety and trauma-related symptoms. During the current interview, he was also observed to have anxious affect and mild psychomotor agitation, which appeared congruent with his report of

| | | | | | | |
|---|---|---|---|---|---|---|
| Inmate Name: | SMITH, TAVARIUS | | | | Reg #: | 01768-104 |
| Date of Birth: | 09/01/1990 | Sex: | M | Facility: ATW | Unit Team: | 4A |
| Date: | 10/02/2020 12:39 | Provider: | Vasquez, M. PhD | | | |

symptoms. His current symptoms include anxious mood, irritability, hypervigilance, sleep disturbances (nightmares and difficulties with sleep latency), distressing memories related to traumatic event, and avoidance/effort to avoid distressing memories and external reminders of traumatic events. At this time, it does not appear that Mr. Smith meets full diagnostic criteria for Posttraumatic Stress Disorder (PTSD); however, he does appear to be experiencing symptoms related to reported traumatic events, including a reported PREA incident and recent loss of wife due to gun violence. He will be given a diagnosis of "Unspecified Trauma- and Stressor-Related Disorder" at this time. Further diagnostic clarification is needed to determine if Mr. Smith meets criteria for a more specific diagnosis.

His following substance abuse diagnoses will also be maintained and remain "current":
-Alcohol Use Disorder, Severe
-Cannabis Use Disorder, Severe
-Stimulant Related Disorders, Severe, Cocaine

### Care Level Formulation

At this time, Mr. Smith appears appropriate to maintain his CARE1-MH assignment. While he has reported experiencing increased anxiety and trauma-related symptoms with some impairment in functioning, he does not appear to need ongoing psychological services at this time. Mr. Smith will be seen for a follow up within the next approximate 30 days. He was provided a trauma-focused book and additional coping handouts (progressive muscle relaxation, deep breathing). As Mr. Smith appeared open to psychiatric medication assistance, a psychotropic medication referral was also submitted to Health Services to assess if medication is warranted in this case. He was informed how to request Psychology Services for both routine and emergent matters, and he verbalized understanding. As care levels are dynamic in nature, his level of care will be re-assessed and changed should it appear clinically indicated.

**Diagnosis:**

Alcohol Use Disorder: Severe, F10.20*b - Current

Cannabis Use Disorder, Severe, F12.20*b - Current

No Diagnosis, No Dx - Resolved

Stimulant Related Disorders: Severe: Cocaine, F14.20*a - Current

Unspecified Trauma- And Stressor-Related Disorder, F43.9 - Current

Completed by Vasquez, M. PhD on 10/07/2020 10:09

**Reviewed by McCain, T. PsyD/DAPC on 10/07/2020 10:49**

Exhibit "B"

978180-R1
FCI Herlong

This is in response to your Regional Administrative Remedy received in this office on May 21, 2019, in which you state a staff member was making sexual advances toward you. As relief, you seek the staff member cease his actions and for the staff member to be prosecuted.

The Federal Bureau of Prison's Program Statement 5324.12, <u>Sexually Abusive Behavior Prevention and Intervention Program</u>, states, "The agency shall ensure that an administrative or criminal investigation is completed for all allegations of sexual abuse and sexual harassment." Your allegation has been referred to the appropriate authorities for investigation. A thorough investigation will be conducted.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only. If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_5/23/19_ _____
Date          J. Baltazar, Regional Director

Provided to inmate
on 10/3/20
UM

Date received
at USP ATW
10/3/20 UM

# CLAIM II

1. State the constitutional or other federal civil right that was violated: __N/A__

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. __N/A__

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). __N/A__

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   N/A   ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II?   ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?   ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: __N/A__

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   __N/A__

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   __N/A__

5. **Administrative Remedies.** __N/A__
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:
1) Demand $250,000.00 in Compensacory damages from defendant for phychological, emotional and mental damage and injury in his Private Compacaity while acting outside of the scope of his statutory and constitutional duty while employed by BoP. 2) Demand $250,000.00 Punitive damages for Causeing long term insecureties and fear of sexual harassment and assult by BoP male staff to prevent furthure misconduct by defendant and other staff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11.24.2020
DATE

*Tavarius Smith*
SIGNATURE OF PLAINTIFF

Pro Se litigant
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

N/A

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6