UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAVARIUS SMITH, | No. 2:20-cv-2417 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| KENDRYNA, | |
| Defendants. | |

Plaintiff is a federal prisoner, proceeding pro se. Plaintiff's civil rights complaint, filed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), is before the court for screening.[1]

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

---

[1] In light of the instant ruling, the undersigned defers addressing plaintiff's application to proceed in forma pauperis.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II. Plaintiff's Allegations

Plaintiff alleges that on April 15, 2019, during a prison transport, defendant stopped plaintiff on the stairs and "caressed the back of [plaintiff's] hand in a sexual manner," while "tugging at [plaintiff's] hair whispering, 'I love your soft skin and the texture of your hair.'"

(ECF No. 1 at 3.) Plaintiff alleges that defendant has made sexual advances upon plaintiff in the past, and such advances have become "more frequent and bolder." (Id.) Plaintiff seeks money damages.

III. Discussion

    A. Bivens Actions After Ziglar v. Abassi

Plaintiff is a federal prisoner proceeding under Bivens. To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has "consistently refused to extend Bivens to any new context or new category of defendants. Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017) (citations omitted).

If a claim presents a new context in Bivens, then the court must consider whether there are special factors counseling against extension of Bivens into this area. Abassi, 137 S. Ct. at 1857. The Supreme Court's precedents "now make clear that a Bivens remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" Id. Thus, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857-58. This requires the court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

Here, plaintiff alleges sexual harassment in violation of the Eighth Amendment. As indicated above, in Carlson, the Supreme Court extended Bivens to a claim arising from the Cruel

and Unusual Punishments Clause of the Eighth Amendment based on the failure to provide adequate medical treatment. 446 U.S. 14. However, deliberate indifference to a serious medical need, see Carlson, 446 U.S. at 16 n.1, is different than plaintiff's claims arising out of alleged sexual harassment. Accordingly, because plaintiff's Eighth Amendment claim arises in a different context from that of Carlson, the undersigned must employ a special factors analysis for such claim. See Ziglar, 137 S. Ct. at 1864 ("[E]ven a modest extension [of Bivens] is still an extension.").

As discussed in Ziglar, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action." Ziglar, 137 S. Ct. at 1865. It is clear that plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process and possibly a federal tort claims action. Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." Id. As noted by the Supreme Court:

> Some 15 years after Carlson was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to Bivens suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

Id. (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new Bivens claim. Thus, special factors counsel against extending Bivens to plaintiff's claim alleging sexual harassment.

B. Leave to Amend

Plaintiff's complaint fails to state a cognizable Bivens claim for relief under federal law. Because the deficiency in plaintiff's complaint cannot be cured by amendment, leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

////

////

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief pursuant to 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 15, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit2417.56.Bivens